David May have pleased the court. David Nee Palmapurian for Ernest Desrosiers. This is the case involving the liquor liability policy and the assault and battery exclusion. And the law is clear that to determine the duty to defend, you look at the complaint. And if there is any basis whatsoever for coverage, there's a duty to defend. And then the duty to indemnify arises because in the underlying case, the duty to defend was not accepted. And then the insurance company is bound by the resolution and settlement in this case. The court asked to be prepared to review the analysis of Judge Mossman in the GAC v. And I think GAC is an appropriate case that holds on very one basic principle of law. And that accepted concept that the same facts in an incident can give rise to multiple different claims of liability or theories of liability. And I don't think that's a new concept in any way, shape, or form. Sorry. Go ahead. Okay. Thank you. And essentially the fact that one particular set of conducts can constitute both a claim in an intentional court or alternatively a claim in negligence is well accepted. And it occurs in many cases, and there's much precedent to that effect. And the fact that in GAC, it also holds that the required intent to constitute an assault and battery may not arise when there's an unintentional injury because of an intentional act. So as I understand, what we're supposed to do here is to take a look, or what the district court should do here, was to take a look at the original complaint. Correct. Is that right? Correct. So how do these allegations match up with what you just argued about, the GAC case? The allegations in the original complaint allege alternative theories. One was a negligence claim, and one was a assault and battery, wasn't it? Yes. Assault. Assault. I'm sorry. Assault. Correct. It should have been battery. Mr. Droger did not know he was being struck, so he did not know it was coming. So just because they label it negligence doesn't mean that it's negligence. But the same conduct can be included. I'll use the term lesser included tort theories. And there actually are a whole variety of negligence claims that are negligence both to the bar and to Mr. Wisenhut, the person who struck Mr. Droger. And so we have no claims of intentional tort for the bar. The only claims are ones of negligence. Mr. Wisenhut, we claim, was either responsible for an intentional tort or a negligence claim in the original complaint. And because of that, and remember, all ambiguities are determined in favor of providing coverage. And if there's any basis for coverage whatsoever, there is an absolute duty to defend. And we have that in this case. What do we do with the district court's use of the deposition testimony of Mr. Wisenhut in its ruling? Was that proper? No. Not for the duty to defend. And, in fact, that wasn't even submitted until the, I believe, the duty to indemnify hearing took place, if I remember correctly. And the district court, but the district court seemed to rely on it in ruling on the duty to defend. Is that right? That's the way I read the order. I don't remember that off the top of my head, but it certainly is not the basis for determining the duty to defend. Right. You look at the allegations in the complaint. Absolutely. What about the attempt, what about the use of a, the case law, the Oregon case law talks about the operative complaint. I guess at the time, the request to defend. So the operative complaint here would have been the original complaint. There was an original complaint that was tendered. Then there was a draft complaint that was made clear, the complaints for negligence were made clear that was tendered. That was never filed? That was never filed. But instead of that, a similar complaint with some, again, further revisions was submitted the day the prima facie hearing took place. Now, how does that work, how does that, how does that fit into the equation? If the court finds there is a duty to defend that was not incorrectly or inappropriately refused by Hudson, Hudson is bound by the judgment. And the fact is that the judgment in this case was established on a hearing that was exclusively on a negligence theory. There was no assault theory upon which the prima facie hearing took place. And so the, Hudson's bound by the judgment is all that means. A question I have, somewhat related. I'm familiar, I was familiar with California law on coverage and duties to defend. Is it, in Oregon, is there a process by which the insurance company can, if it has a dispute as to ultimate coverage and dispute as to duty to defend, can it essentially defend with reservation of rights and, in addition, seek declaratory relief? Yes. So it doesn't get stuck in a very protracted defense of a claim? I don't believe it's in the record here, but the answer is yes, that's very, very common to defend with a reservation of rights. Okay. And that was not done here? That was not done here. There was absolute rejection of the tender and denial of the right, the obligation to defend. All right. I will reserve the rest of my time for rebuttal. Good morning. I'm Stephen Dethridge. I'm here on behalf of Hudson's Specialty Insurance Company. And I actually took the liberty to go on PACER and print the amended complaint if the court is interested in looking at what Judge Mossman was looking at in that case. I have copies. I already gave a copy to Mr. Newpalm. Otherwise, I'll proceed. Counsel, at some point in your argument, could you please address this, which is on my mind? That is, why with the complaint here alleging negligence and assault, why shouldn't the insurance carrier have defended subject to a reservation of rights? I don't really understand how they could not defend the case. So I hope you'll address that. That will be the first thing I address. Wise move. We always admonish counsel to listen to questions because they're helpful to counsel. In this case, an insurance company doesn't have an either-or choice. Well, they do have an either. They can choose to proceed under a reservation of rights, or, as they did in this case, they can say, no, we've looked at the complaint and the allegations in the complaint, and those allegations cannot, without amendment, give rise to a duty to defend under this policy and, more specifically, under the exclusion in this policy. If it does that, just to supplement Judge Gould's question, if it opts for that and it turns out that a court looking at the complaint concludes that there was a tenable non-excluded, in this case a tenable negligence-only claim, then you're out of luck, even if it turns out that the ultimate recovery is based on assault. In other words, you either get your reservation of rights, or if you decide to not defend, then it comes down to indemnity time, and you did have a duty to defend. The insurance company is on the hook. There's two separate duties. There's a duty to defend and there's a duty to identify. I understand. That's my question. If you stand on duty to defend and you're wrong, you should have defended, and then the ultimate judgment is for assault, you don't get now to say, oh, well, no harm, no foul, because ultimately when it went through trial, they prevailed on the assault, which is occludable. If you don't reserve rights, you don't get to make that claim at that point. Is that correct? Right. If the insurance company has refused to defend, then later down, exactly, your hypothetical is correct. Well, it's not a hypothetical. It's this case. The law is correct, right. Yeah, okay. But in this case, the insurance, we're looking at an original complaint that had allegations of belligerent and threatening conduct, that Mr. DeRosiers was followed outside of Mary's Club by Mr. Wisenhunt, who, and directly from the complaint, struck plaintiff, kicking plaintiff in the ankle, breaking plaintiff's left ankle. That's in the negligence part of the complaint. And then in the second claim for relief, at paragraph, and this is at ER193, ER194, at paragraph 11, it says, Defendant Wisenhunt intentionally assaulted plaintiff. And then what I think is the go-home paragraph is paragraph 12, which says that the damages claimed above are the result of Defendant Wisenhunt's wrongful assault of plaintiff. So all of the damages, including the damages that are alleged up in the negligence portion of the complaint, are the result of an assault. So when the insurance company gets a complaint that explicitly says, all the damages in this case arise from an assault, then the assault and battery exclusion is correctly applied, and the insurance company correctly refuses to defend the case. There was a question raised as to whether the district court relied on Mr. Rosier's testimony in deciding the duty to defend issue. And there was two separate summary judgment proceedings that were brought. The first one was just on the duty to defend issue. And in that case, in the judge's findings and recommendations, he didn't rely on the Wisenhunt testimony at all. And that's at ER51 to 65. And those findings and recommendations were adopted by the Article III judge as well. And then a subsequent proceeding was brought on the duty to indemnify issue. And a duty to indemnify is different than a duty to defend in that it's based on proof of facts versus allegations. And when the judge ruled on that, he did rely on Mr. Rosier's testimony because it proved unequivocally that this was the result of an assault, and not only assault on Mr. DeRosier's but also on Mr. DeRosier's friend as well. Was that the August ruling, the August 13th ruling? Yes, August, I believe August 13th. And that's at ER3 to 13. So, again, if we can go back and we look at the Gap case where, and actually I thought in that case, Mr. or Judge Mossman said, because the complaint contains no explicit allegations that Mr. Thornhill acted with intent to injure Mr. Zepa, Mr. Thornhill's intent must be inferred, if at all, from the allegations of his conduct. And, again, if we look at the original complaint, which was tendered to Hudson Insurance Company, incidentally, after Mr. DeRosier's testified, that complaint contains allegations that there's no need to infer from the complaint because it's explicit. It's explicit that it was an intentional assault, and it's explicit that the damages that occurred, the broken ankle and other damages, were caused by that assault. And that you rely on paragraph 12 for that, huh? Yes, Your Honor. Well, so if you look at the complaint, it says first claim for relief, $140,000, in paragraph 9. Then it says second claim for relief consisting of paragraphs 10, 11, and 12. Right. Correct? So it's clear that paragraph, from that, I take that to mean that that second claim for relief was based on the assault by Wissenhut. And paragraph 12 just says that the damages caused were, under that cause of action, were caused by Wissenhut's assault.  by Wissenhut's assault. Then there's a prayer for relief in general for damages. So, I mean, he pled two different theories. He pled an assault, and he pled negligence. And if there's any ambiguity, the insured gets the benefit of the doubt. But under Oregon law, and that's under Oregon law, you look at the conducts that's alleged. You don't parse it out claim by claim. You look at the conduct. And if the conduct that is alleged. But Judge Mossman did in Gatton said, under Oregon law, you can get nonintentional assault if the person is drunk. So it negates intent. So are you saying that there's no construct? If they had gone through and had failed to prove the assault claim in this case, that they couldn't have recovered under a straight-up negligence claim? In the Gatt case? No, in this case. In this current case? Yeah. If they had not pled an assault claim, they could have recovered under a. . . Well, they've pleaded two different claims. If they failed, as the trial court says, I'm not going to send this to the jury on assault because evidence is that he was so drunk he didn't really intend it. But you can go to the jury on negligence. But when we're . . . Are you saying that that couldn't have happened under this complaint? That it could have gone to the jury on a negligence claim? Yeah. Sure, because at that point, you're at the proof point. Isn't that the go-home point then? No, because when you're looking at the duty to defend, you look at the complaint, and when you're looking at the complaint, you take the allegations in the complaint as true. Counsel, I've looked at a lot of these. Yeah. Right. If you guys want to stand or fall on the complaint, good luck. I'm sorry. At least I find it hard to believe. First of all, your paragraph 12 does fit within Claim 2. It's not applying to all the damages. It just says insofar as they have damages, the assault can account for all of them, but there's a separate paragraph 9 that talks about damages under negligence, non-economic damages. I don't know. Okay, well . . . Counsel, let me ask a related question. I think I have similar concern to Judge Fischer's and Judge Baez's. That's this. Could the bar be negligent by giving Mr. Wisenut too much to drink, let's say, when he was visibly drunk? And if they did that and they were negligent, then if that caused some sort of intentional tort by him, that would cut off the negligence, right? But if it wasn't intentional because he was stumbling drunk or too drunk to form intent, then wouldn't the bar be liable for that? If . . . On a negligence theory. If the ultimate proof was that he was too drunk to form an intent, then yes, the bar would be liable under a negligence theory for that. But again, at the . . . I cut you off. No, go ahead. Are you saying the complaint excludes that possibility? The complaint excludes that possibility. There are other cases that have been cited in the briefing where similar complaints excluded that possibility as well. So if . . . based on this complaint, based on the narrow facts before this court and the narrow facts before the lower court, yes, that possibility is excluded because of the way that the original complaint was pled. Okay. Thank you. What other cases are cited in the brief? Your Honor, there's . . . Just give me one. Out Dependent v. Acceptance Insurance Company. That's a 2007 U.S. District Lexus 6879 Eastern District of Pennsylvania case. Pennsylvania. You would, Mossman, take a little precedence over that in Judge Mossman and Gatt? I mean, he's applying Oregon law. I think we're . . . Farmers. I think where Judge Mossman got hung up was the forming of the intent issue in that case. And the law in Oregon . . . That's what we were talking about. Well, but he had a situation where there were no explicit allegations which have to be taken as true when determining the duty to defend,  So he was trying to read that into . . . You can't plead in Oregon in the alternative. In other words, I'm understanding . . . I want to make sure I don't leave this without an incorrect understanding of Oregon law. In Oregon law, you can plead negligence and you can plead intentional tort in the alternative. And if you prove . . . you fail to prove intent, in this case you said even without intent, as long as they were liable for serving him these drinks, getting him stone drunk so he would not go to a jury under negligence there. If ultimately he . . . that's correct. Yeah. Okay. Thank you. But that would be at the proof stage later and on a duty to indemnify stage later versus the front end based on the plain allegations of this complaint. Duty to defend is broader than duty to indemnify as I understand it. Isn't that correct? That's correct. Yeah. Okay. Thank you. Thank you. Basically, if the court has any questions, I'll be glad to answer them, but I'm not sure . . . I have no question except is Mary's bar still there? Yes. It's the same. It has not changed. All right. Good. Thank you. Thank you both. Case is submitted.
judges: Fisher, Gould, Paez